IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**WILLIAM FINGERHUT, Individually and**                **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.             No. 2:20-cv-2062-PKH

**EBSCO INDUSTRIES, INC.**                                        **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff William Fingerhut ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Ebsco Industries, Inc. ("Defendant"), he does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business within the State of Arkansas, operating and managing a manufacturing plant in Sebastian County.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6. Plaintiff was employed by Defendant at its factory located in the Fort Smith Division of the Western District of Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Fort Smith Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

8. Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9. Defendant is a foreign, for-profit corporation, registered to do business in Arkansas.

10. Defendant does business as PRADCO Outdoor Brands.

11. Defendant's registered address for service is Corporation Service Company, 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

12. Defendant maintains websites at https://www.ebscoind.com/ and https://www.pradcooutdoorbrands.com/.

### III. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. At all relevant times herein, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

15. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the preceding three calendar years.

17. Plaintiff was employed by Defendant as an hourly-paid employee from May of 2015 to April of 2017, and as a salaried employee from April of 2017 until May of 2019.

18. At all times material herein, Plaintiff and others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

19. During the period relevant to this lawsuit, Plaintiff worked as a Supervisor and then as a Manager.

20. At all relevant times herein, Defendant directly hired Supervisors and Managers, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. At all times material herein, Plaintiff and those similarly situated have been misclassified by Defendant as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

22. Plaintiff and similarly situated employees were responsible for monitoring departments to make sure they were fully staffed and supplied, monitoring production data and managing individuals.

23. Plaintiff and similarly situated employees regularly worked over forty hours per week.

24. Plaintiff and similarly situated employees did not hire or fire any other employee.

25. Plaintiff and similarly situated employees were not asked to provide input as to which employees should be hired or fired.

26. Plaintiff and similarly situated employees did not exercise independent judgment as to matters of significance in carrying out their duties.

27. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

28. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

29. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

30. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked in excess of forty per week;

B. Liquidated damages; and

C. The costs of this action, including attorney's fees.

31. Plaintiff proposes the following class under the FLSA:

**All salaried Supervisors and Managers within the last three years.**

32. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

33. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

34. The proposed FLSA class members are similarly situated in that they share these traits:

A. They were classified by Defendant as exempt from the overtime provision of the FLSA;

B. They were subject to Defendant's common policy of not paying proper overtime wages as required by the FLSA;

C. They worked more than 40 hours in at least one week; and

D. They had substantially similar job duties and pay provisions.

35. Plaintiff is unable to state the exact number of the class but believes that there are at least five (5) other employees who worked as Process Managers and were misclassified as salaried employees.

36. Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried Supervisors and Managers.

37. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

40. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

43. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

44. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

45. Defendant's failure to pay Plaintiff all wages owed was willful.

46. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VI. SECOND CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA)

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

50. At all times relevant to this Complaint, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

51. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

52. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

53. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII. THIRD CAUSE OF ACTION
**(Individual Claim for Violation of AMWA)**

54. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

56. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

57. Sections 210 and 211 require employers to pay a minimum wage for all hours worked up to forty in one week and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

58. At all times relevant to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

59. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

60. Defendant's failure to pay Plaintiff all wages owed was willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff William Fingerhut, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D. Judgment for liquidated damages pursuant to the FLSA and the AMWA;

E. Certification of a collective action under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

F. For a reasonable attorney's fee, costs, and interest; and

G. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**WILLIAM FINGERHUT, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088

/s/ April Rhéaume
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com