UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM FINGERHUT                                                                                        PLAINTIFF

v.                                              No. 2:20-CV-02062

EBSCO INDUSTRIES, INC.                                                                              DEFENDANT

## OPINION AND ORDER

Before the Court is a joint motion (Doc. 16) to approve the parties' settlement agreement and dismiss Plaintiff's Fair Labor Standards Act and Arkansas Minimum Wage Act claims. The parties also filed a brief (Doc. 17) in support of the motion.

Plaintiff William Fingerhut ("Fingerhut") brought this action against Defendant Ebsco Industries, Inc. ("Ebsco") for violation of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). Fingerhut brought the FLSA claims on a collective basis and the AMWA claim on an individual basis. Fingerhut alleged that Ebsco misclassified Fingerhut and other similarly situated individuals as salaried employees who were exempt from the overtime requirements of the FLSA.

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F.3d 1350, 1353 n.8 (11th Cir. 1982). It is clear this case involves a bona fide dispute. Fingerhut argues he regularly worked over forty hours per week while working for Ebsco, but he did not receive overtime pay for hours worked in excess of forty because Ebsco misclassified him and other employees as exempt from the FLSA. In response, Ebsco argues that

1

Fingerhut and other putative plaintiffs were exempt administrative or executive employees within the meaning of the FLSA. This case involves a bona fide dispute.

The settlement agreement is a fair and equitable compromise of that dispute. Under the terms of the agreement, Fingerhut will receive a total sum of $1,000.00—which includes $500.00 in unpaid wages and $500.00 in liquidated damages. This sum is equitable when considering that Fingerhut was separately paid $10,762.50 under a severance agreement with Ebsco. The severance agreement stated Fingerhut had "been paid for all hours/days . . . worked while . . . employed with the Company and [is] not owed any further compensation in any form from the Company." (Doc. 17-1, p. 3). The parties state that the relatively low payment to Fingerhut, particularly in comparison to the separately-agreed attorney's fees, is appropriate because there is significant uncertainty about the outcome of the litigation and managers like Fingerhut were only scheduled to work 40 hours per week. The Court finds this a fair and equitable settlement amount with respect to unpaid wages. The settlement agreement also includes a broad release of claims. Employers cannot require their employees to give up unrelated claims when settling FLSA claims, and the release will be ineffective with respect to every claim that is not a wage and hour claim. *See Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1288 (N.D. Ala. 2014) ("Because these provisions of the FLSA are mandatory, their compromise cannot be made contingent upon extraneous conditions, such as confidentiality agreements and the waiver of non-FLSA claims.").

Finally, the motion represents that attorney's fees were negotiated separately from the settlement amount, and the parties do not seek court approval for these fees. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer

pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement.").

After considering all of the factors, the settlement appears to be the result of an arms-length negotiation between the parties based on the merits of the case. The settlement agreement will be approved subject to the modification that the release of claims will only be effective as to wage and hour claims.

IT IS THEREFORE ORDERED that the proposed settlement agreement will be ineffective as to the release of all claims that are not wage and hour claims.

IT IS FURTHER ORDERED that the parties' joint motion to dismiss (Doc. 16) is GRANTED and this case is DISMISSED WITH PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 18th day of February, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE